JUDGE SWAIN

15 CV 00712

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREN ANDERSON,

        Plaintiff,

        v.

HOTELSAB, LLC, ANDRE BALAZS
PROPERTIES a/k/a THE BEACH HOUSE LLC;
and ANDRE BALAZS, in his professional and
individual capacities,

        Defendants.

Case No.

**COMPLAINT AND DEMAND FOR
JURY TRIAL**



RECEIVED

JAN 3 0 2015

U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Karen Anderson ("Plaintiff" or "Ms. Anderson"), by and through her attorneys,

The Ottinger Firm, P.C., as and for her Complaint in this action against Defendants HotelsAB,

LLC, Andre Balazs Properties a/k/a The Beach House LLC (together, the "Company") and

Andre Balazs ("Balazs") (collectively, "Defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1.      This is an action seeking declaratory, injunctive and equitable relief, as well as

monetary damages, to redress Defendants' unlawful employment practices against Plaintiff,

including Defendants' unlawful interference with, restraint, and denial of Plaintiff's rights under

the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code § 8-107 (1) &

(20).

2.      Defendants' discriminatory, and otherwise unlawful conduct was knowing,

malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, which has caused

and continues to cause Plaintiff to suffer substantial economic and non-economic damages, and

severe mental anguish and emotional distress.

1

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) as Plaintiff is a resident of the state of Connecticut, Defendants maintain a principal place of business in the state of New York, and the matter in controversy exceeds the sum of $75,000.

4.      Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1391, because Defendants maintain their corporate headquarters and principal place of business in this district, and because a substantial part of the events or omissions giving rise to this action occurred in this district.

## PROCEDURAL REQUIREMENTS

5.      Prior to the filing of the Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S. Code §§ 12101, *et seq*. Plaintiff's EEOC charge arises out of the same facts alleged herein.

6.      When the EEOC completes its investigation of the charge and issues Plaintiff a notice of her right to sue, Plaintiff will seek leave to amend this Complaint to add claims that Defendants violated the ADA as well.

7.      Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

8.      Plaintiff Karen Anderson was an applicant for a position as Controller with Defendants. Plaintiff currently resides in the State of Connecticut. At all relevant times, Plaintiff met the definition of a "person" covered by the NYCHRL.

9.      Upon information and belief, Defendant HotelsAB, LLC, is a luxury hotel operator. Defendant HotelsAB, LLC maintains its corporate headquarters in New York, New York. Upon information and belief, Defendant Hotels AB jointly owns and/or operates the Sunset Beach Hotel located on 35 Shore Road Shelter Island, Long Island, NY 11965 (the "Sunset Beach Hotel"). At all relevant times, Defendant HotelsAB, LLC met the definition of a "covered employer" and/or "employer" under all applicable statutes.

10.     Upon information and belief, Defendant Andre Balazs Properties a/k/a The Beach House LLC is a New York luxury hotel operator. Upon information and belief, Defendant Hotels AB jointly owns and/or operates the Sunset Beach Hotel. Defendant Andre Balazs Properties maintains its corporate headquarters in New York, New York.  At all relevant times, Defendant Andre Balazs Properties met the definition of a "covered employer" and/or "employer" under all applicable statutes.

11.     Upon information and belief, Defendant Andre Balazs is the owner and operator of Defendant HotelsAB, LLC  and Defendant Andre Balazs Properties and directly participated or was directly responsible for the discriminatory and otherwise unlawful employment decisions and actions taken against Plaintiff.  At all relevant times, Defendant Balazs met the definition of a "covered employer" and/or "employer" under all applicable statutes.

12.     At all relevant times, Defendant HotelsAB, LLC, Defendant Andre Balazs Properties and Defendant Balazs have operated as a single, integrated enterprise, or single employer, or as joint employers.

13.     Upon information and belief, Defendants also share common ownership, common premises, common directors and/or officers, and common financial control, are operationally interrelated and interdependent upon one another, and share common management and control

3

over labor relations and personnel policies and practices, including the hiring and firing of Plaintiff and other employees.

## FACTUAL ALLEGATIONS

14.     On or about July 25, 2014, Plaintiff was contacted by a recruiter regarding a position as Controller for Defendants.

15.     The Controller position was based out of the Company's corporate office in Manhattan for the months of October to April and would require Plaintiff to work on the Sunset Beach Hotel at Shelter Island from May to September each year.

16.     Over the next few days, Plaintiff was interviewed over the phone for the position by the recruiter, as well several officers of the Company, including Mr. Michael Stapleton, Ms. Alison Tourville, and Mr. David Dowd.

17.     The Company was impressed with Plaintiff's qualifications and enthusiastic about meeting with her.

18.     On August 11, 2014, Plaintiff interviewed in person with Michael Stapleton, the Los Angeles-based CFO of the Company, and Jacinta Phelan, the London-based CFO of the Company.

19.     In the course of that interview, the officers informed Plaintiff that they wanted her to meet with Defendant Balazs, the owner and operator of the Company, that day as a final step in the interview.

20.     Balazs subsequently arrived at the interview in workout gear, having jogged from his home on the island. He shook hands with the Plaintiff and was then handed her resume which he studied for a few moments. He then initiated the conversation with Plaintiff by stating "*You*

*are a crazy person*," and then started posing extremely personal questions to Plaintiff, such as where did she live, whether she was married, and where did her husband live, etc.

21.     Plaintiff responded by stating that she lived in Connecticut but assured Balazs that living on Shelter island from May to September was not an issue. She told him that she and her husband had in fact lived in different states for the first ~~six~~ three years of their marriage due to her professional responsibilities. In response, Balazs again referred to Plaintiff as a "*crazy person.*"

22.     As part of this line of inquiry, Balazs then asked Plaintiff what her ideal job would be. When Plaintiff stated that, she would ultimately like to run a restaurant or possibly a nursing home (as they are both service businesses). Balazs responded, in sum and substance, "*Do you know how schizophrenic you sound? Did you hear yourself?*"

23.     Plaintiff explained that she was interested in opening nursing home because she had a disabled son who lived independently in the state of Maine with continuous nursing care.

24.     At that point—in response to Plaintiff's disclosure of her son's disability—Balazs abruptly ended the interview. He again called Ms. Anderson "*crazy*" and stated that she could never work for him given the fact that she had a disabled son, as she would not be able to devote adequate time to her professional responsibilities. Balazs stated, in sum and substance, "*I don't care if you can give me 75 percent of 150 percent [of your time and energy]. I need 100 percent of 100 percent and you will never be able to give me that.*"

25.     Plaintiff attempted to explain that caring for her son had never interfered with her performance at work, as evidenced by her extensive qualifications and long work history. Balazs, however, stated that he was no longer interested in Plaintiff as a candidate, and abruptly ended the interview.

26.     Plaintiff emailed Mr. Stapleton on August 12, 2015, the day after the interview, stating, in sum and substance *"I'm sorry it did not work out better. I have always worked full time and it has never been an issue in terms of my son's care."*

27.     The next day, on August 13, 2014, Plaintiff again emailed Mr. Stapleton, stating *"I do want to stress that my son's needs will not interfere with my ability to work at more than 100%,"* reiterating that her son was fully cared for and independent in Maine and therefore would not interfere with her professional responsibilities.

28.     Plaintiff was never contacted again by any parties to the interview to say that she would not be hired.

29.     As a result of the Defendants' unlawful discrimination and failure to hire, Plaintiff has suffered, and continues to suffer, substantial monetary and/or economic damages, including, but not limited to, the loss of past and future income, compensation and other benefits to which she would otherwise be entitled.

30.     Defendants' discriminatory and unlawful conduct against Plaintiff was intentional and malicious and/or showed a deliberate, willful, wanton and reckless disregard for Plaintiff's rights.

## FIRST CLAIM FOR RELIEF
### (Discrimination in Violation of the New York City Human Rights Law)

31.     Plaintiff hereby repeats and realleges each and every allegation in the preceding paragraphs as if fully set forth herein.

32.     At all relevant times, Plaintiff was a "person" within the meaning of the NYCHRL.

33.     At all relevant times herein, Defendants were and are an "employer" within the meaning of the NYCHRL.

6

34.     Defendants knew that Plaintiff had a son and Defendants were aware, or perceived, that Plaintiff's son was disabled.

35.     Defendants discriminated against Plaintiff in violation of the NYCHRL by, *inter alia*, denying her employment and/or refusing to high her because of her relationship with her disabled son.

36.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer, monetary and/or economic harm for which she is entitled to an award of monetary damages and other relief.

37.     As a direct and proximate result of Defendants' unlawful conduct in violation of the NYCHRL, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

38.     Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton violations of the NYCHRL for which Plaintiff is entitled to an award of punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

A.     A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violated the laws of the City of New York;

B.     An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm, including, but not limited to, the loss of past and future income, wages, compensation, and other benefits of employment;

D.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and compensatory harm, including, but not limited to, compensation for her depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, harm to her personal and professional reputations and loss of career fulfillment;

E.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F.      An award of punitive damages pursuant to NYCHRL;

G.      An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H.      Such other and further relief as the Court may deem just and proper.

//

//

//

8

**JURY DEMAND**

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated: January 20, 2015
      New York, New York

Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

By: _____
      George Vallas
      Robert W. Ottinger

401 Park Ave. South
New York, New York 10016
Telephone: (212) 571-2000
Facsimile: (212) 571-0505
george@ottingerlaw.com
robert@ottingerlaw.com

*COUNSEL FOR PLAINTIFF KAREN
ANDERSON*