UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREN ANDERSON,

          Plaintiff,

-against-

HOTELSAB, LLC, ANDRE BALAZS
PROPERTIES a/k/a THE BEACH HOUSE LLC,
and ANDRE BALAZS,

          Defendants.

Civil Action No. 15-cv-00712 (LTS)(JLC)

ECF CASE ELECTRONICALLY FILED

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANTS' MOTION TO DISMISS

PILLSBURY WINTHROP SHAW PITTMAN LLP
1540 Broadway
New York, New York 10036
(212) 858-1000

*Attorneys for Defendants*

# TABLE OF CONTENTS

Page

I. Statement of Facts .................................................................................................... 1

II. Legal Standard ......................................................................................................... 3

III. Argument ................................................................................................................. 3

    A. The NYCHRL is Inapplicable Here. ................................................................. 3

    B. The Court Should Dismiss the Complaint with Prejudice. ................................ 5

IV. Conclusion ............................................................................................................... 6

## TABLE OF AUTHORITIES

### CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2001) .................................................................................................. 3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................. 3

*Cuoco v. Moritsugu*,
   222 F.3d 99 (2d Cir. 2000) ........................................................................................ 6

*Fleisher v. Phoenix Life Ins. Co.*,
   858 F. Supp. 2d 290 (S.D.N.Y. 2012) ....................................................................... 3

*Hardwick v. Auriemma*,
   116 A.D.3d 465, 983 N.Y.S. 2d 509 (1st Dep't 2014) .............................................. 3

*Hoffman v. Parade Publ'ns*,
   15 N.Y.3d 285, 933 N.E.2d 744 (N.Y. 2010) ....................................................... 3, 5

*Horn v. N.Y. Times*,
   100 N.Y.2d 85, 790 N.E.2d 753 (N.Y. 2003) ........................................................... 5

*In re Sanofi Sec. Lit.*,
   --- F. Supp. 3d ---, Nos. Civ. 8806 (PAE), Civ. 2211 (PAE), 2015 WL 365702 (S.D.N.Y. Jan. 28, 2015) ................................................................................................................ 6

*Lucas v. Pathfinder's Pers., Inc.*,
   No. 01 CIV.2252(BSJ), 2002 WL 986641 (S.D.N.Y. May 13, 2002) ...................... 4

*Robles v. Cox and Co., Inc.*,
   841 F. Supp. 2d 615 (E.D.N.Y. 2012) ................................................................... 4, 5

### RULES AND REGULATIONS

Federal Rules of Civil Procedure
   Rule 12(b)(6) .......................................................................................................... 1, 3

Defendants HotelsAB, LLC ("HotelsAB") and Andre Balazs Properties a/k/a The Beach House LLC (collectively, "Defendants")[1] respectfully submit this Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

This case arises from the Defendants' decision to deny Plaintiff Karen Anderson's application for employment as the Controller of the Sunset Beach Hotel on Shelter Island in Suffolk County, New York. Plaintiff, a Connecticut resident, alleges that the Defendants unlawfully denied her that position because of her son's disability, in violation of the *New York City* Human Rights Law. The facts alleged in the Complaint, however, claiming unlawful discrimination against a Connecticut resident in a Suffolk County job interview for a Suffolk County job, cannot support a discrimination claim under the *New York City* Human Rights Law ("NYCHRL").

As the New York Court of Appeals has recently established, the NYCHRL is applicable to non-New York City residents *only* when the alleged discriminatory act has "an impact" within the City's boundaries. Plaintiff here has alleged no discriminatory conduct, and no impact of any discriminatory conduct, in New York City. Plaintiff therefore fails to state a claim under the NYCHRL and her Complaint – which asserts only the NYCHRL claim – should be dismissed with prejudice.

## I. STATEMENT OF FACTS[2]

Plaintiff alleges that, at all relevant times including the present, she resided in Connecticut. (Complaint, attached as Ex. 1 to the Affirmation of Kenneth Taber, ¶¶ 3, 8, 21.)

---

[1] Defendant Andre Balazs does not join in this Motion as he has not yet been served with the Summons and Complaint.

[2] For purposes of the present Motion, we treat the well-pled allegations of the Complaint as true.

Plaintiff alleges that, on July 25, 2014, she was contacted by a recruiter for a position as Controller at the Sunset Beach Hotel on Shelter Island in Suffolk County, New York. (*Id.* ¶¶ 14-15.) According to Plaintiff, Defendant HotelsAB contemplated at the time of the interview that the individual hired for the Controller position would work on Shelter Island from May to September each year, and thereafter in the HotelsAB corporate office in Manhattan from October to April. (*Id.* ¶ 15.)

In the next few days following the initial contact from the recruiter, Plaintiff was interviewed over the phone by the recruiter and by various HotelsAB officers. (Complaint ¶ 16.) Plaintiff alleges that, on August 11, 2014, Plaintiff also interviewed in person with Michael Stapleton, the Los Angeles-based CFO of HotelsAB, and Jacinta Phelan, the London-based CFO of HotelsAB. (*Id.* ¶ 18.) That interview occurred on Shelter Island in Suffolk County. (*See id.* ¶ 20).

Plaintiff alleges that, during the course of the in-person interview, Mr. Stapleton and Ms. Phelan informed Plaintiff that they wanted her to meet with Defendant Andre Balazs, the owner and operator of HotelsAB. (*Id.*) Mr. Balazs thereafter jogged to the interview, from his home on Shelter Island, and met with Plaintiff. (*Id.*) According to Plaintiff, during the course of the interview with Mr. Balazs, he stated that Plaintiff could not work for him because she had a disabled son, and would not be able to devote adequate time to her professional responsibilities. (*Id.* ¶ 24.) Plaintiff was thereafter not hired for the position. (*See id.* ¶ 28.)

It is undisputed that Plaintiff was not interviewed in New York City and never worked for Defendants in New York City. Indeed, her only connection to New York City was the possibility that, if hired, and if she remained an employee through October, the locus of her of-

season employment would then shift to New York City. As detailed below, no case has ever applied the NYCHRL to a claim with that kind of tenuous future connection to New York City.

## II. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim upon which relief can be granted, Plaintiff must plead specific facts that state a plausible claim for relief, once conclusions and naked assertions devoid of factual enhancement have been disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2001), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); Fed. R. Civ. P. 12(b)(6). This involves a two-pronged approach. *Fleisher v. Phoenix Life Ins. Co.*, 858 F. Supp. 2d 290, 298 (S.D.N.Y. 2012), quoting *Iqbal*, 556 U.S. at 678. First, the Court should begin by identifying and disregarding allegations that are mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," which are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Second, any remaining factual and well-pled allegations must be sufficient, taken as true, to "state a claim for relief that is plausible on its face." *Id*. at 678. "[F]acial plausibility" is present where a plaintiff provides sufficient factual content from which a court can draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III. ARGUMENT

### A. The NYCHRL is Inapplicable Here.

It is well-settled that "[a] non-New York City resident cannot avail him or herself of the protections of the City Human Rights Law unless he or she can demonstrate that the alleged discriminatory act had *an impact within the City's boundaries*." *Hardwick v. Auriemma*, 116 A.D.3d 465, 466-67, 983 N.Y.S. 2d 509 (1st Dep't 2014) (affirming dismissal of a non-resident's NYCHRL claim) (emphasis added); *see also Hoffman v. Parade Publ'ns*, 15 N.Y.3d 285, 933 N.E.2d 744 (N.Y. 2010) (reversing Appellate Division and finding that Supreme Court properly

dismissed non-resident's discrimination claim pursuant to NYCHRL where there was no impact within the City's boundaries).

"[T]he 'impact' of discriminatory conduct occurs 'within' New York City for purposes of the NYCHRL *either* [1] when the initial discriminatory act (for example, a termination) occurs in New York City *or* [2] when the original experience of injury, which occurs at the employee's workplace, is in New York City." *Robles v. Cox and Co., Inc.*, 841 F. Supp. 2d 615, 624 (E.D.N.Y. 2012) (granting motion to dismiss discrimination claim pursuant to NYCHRL) (emphasis in original). Here, neither prong applies.

Plaintiff's Complaint irrefutably establishes that the "impact" of Defendants' alleged discriminatory conduct occurred entirely outside of the City's boundaries. In her Complaint, Plaintiff alleges that, on August 11, 2014, she interviewed with Mr. Balazs and others at the Sunset Beach Hotel on Shelter Island in Suffolk County. (Complaint ¶ 20.) It was at that interview, in Suffolk County, that she alleges Mr. Balazs made the comments on which she bases her claim. (Complaint ¶¶ 20-25.) Accordingly, that was where the "initial discriminatory act" occurred. So, too, the "original experience of injury" also occurred in Suffolk County, where Plaintiff was denied employment, and would have worked had she received the job. The NYCHRL is therefore inapplicable under both prongs. *See Robles*, 841 F. Supp. 2d at 624.

The fact that Defendants also have offices in New York City does not bring Plaintiff's allegations within the scope of the NYCHRL. The location of the employer is, in fact, irrelevant to determining where a particular plaintiff feels the impact of the alleged discriminatory act. *See, e.g., Lucas v. Pathfinder's Pers., Inc.*, No. 01 CIV.2252(BSJ), 2002 WL 986641, at *1 (S.D.N.Y. May 13, 2002) (Jones, District J.) (dismissing NYCHRL claim brought by Massachusetts-based

employee of a New York City-based employer for an allegedly discriminatory decision made in New York City).

Plaintiff's allegation that the position would have eventually entailed work in New York City (*see* Complaint ¶ 15) does not change the analysis. Plaintiff makes no allegation that she was to begin her employment in New York City. Indeed, she admits that the job would have been located on Shelter Island through at least the end of September 2014. (*Id.* ¶ 15.) Accordingly, because the impact of an alleged discriminatory act is felt where the "*initial* discriminatory act" occurred, or at the location of the "*original* experience of injury[,]" *Robles*, 841 F. Supp. 2d at 624 (emphasis added), and because neither of those was in New York City, she cannot meet the applicable test.[3]

The Court of Appeals has made it clear that it adopted the "discriminatory impact" test because it "is relatively simple for courts to apply and litigants to follow, leads to predictable results, and confines the protections of the NYCHRL to those who are meant to be protected—those who work in the city." *Hoffman*, 933 N.E.2d at 747. At the time of the alleged discrimination, that was certainly not this Plaintiff.

The NYCHRL is therefore inapplicable to this Plaintiff's allegations, and she has failed to state a claim upon which relief can be granted.

### B. The Court Should Dismiss the Complaint with Prejudice.

"Where the problems with a claim are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to replead would be 'futile' and

---

[3] It is also entirely speculative that, had Plaintiff been hired in August 2014, she would have still been employed in New York City in October 2014. As an at-will employee, Defendants would have had the right to terminate Plaintiff's employment at any time prior to October 2014 had they been unhappy with her performance at the Sunset Beach Hotel. *See Horn v. N.Y. Times*, 100 N.Y.2d 85, 91, 790 N.E.2d 753, 755 (N.Y. 2003) ("The traditional American common-law rule undergirding employment relationships . . . is the presumption that employment for an indefinite or unspecified term is at will and may be freely terminated by either party at any time without cause or notice.").

'should be denied.'" *In re Sanofi Sec. Lit.*, --- F. Supp. 3d ---, Nos. Civ. 8806 (PAE), Civ. 2211 (PAE), 2015 WL 365702, at *33 (S.D.N.Y. Jan. 28, 2015), citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, the deficiency in Plaintiff's Complaint – the inapplicability of the NYCHRL – is substantive and cannot be cured by repleading. The Complaint should therefore be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint with prejudice for failure state a claim.

Dated: New York, New York
       March 10, 2015

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: /s/ Kenneth W. Taber
Kenneth W. Taber
1540 Broadway
New York, New York 10036-4039
212-858-1000
kenneth.taber@pillsburylaw.com

*Attorneys for Defendants*