UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT

| | |
|---|---|
| KAREN ANDERSON,<br><br>                            Plaintiff,<br><br>v.<br><br>HOTELSAB, LLC, ANDRE BALAZS PROPERTIES a/k/a THE BEACH HOUSE LLC; and ANDRE BALAZS, in his professional and individual capacities,<br><br>                          Defendants. | Case No. 15-cv-00712 (LTS)(JLC) |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

**THE OTTINGER FIRM, P.C.**
401 Park Avenue South
New York, New York 10016
Telephone: (212) 571-2000
Facsimile: (212) 571-0505

*Attorneys for Plaintiff*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 1

ARGUMENT .......................................................................................................................... 3

   I.  STANDARD OF REVIEW .................................................................................. 4

   II.  THE LOCUS OF THE EMPLOYMENT DECISION IS
       IMMATERIAL TO THE APPLICATION OF THE NYCHRL .................... 4

   III. PLAINTIFF INTERVIEWED FOR A POSITION AS A NEW
       YORK EMPLOYEE ............................................................................................. 7

CONCLUSION ..................................................................................................................... 10

# **TABLE OF AUTHORITIES**

### CASES

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ...................................................................................................4

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007) ...................................................................................................4

*Chin v. CH2M Hill Co.*,
  2012 WL 4473293 (S.D.N.Y. Sept. 28, 2012) ..........................................................6

*Germano v. Cornell Univ.*,
  2005 WL 2030355 (S.D.N.Y. Aug. 17, 2005).........................................................5-6

*Hoffman v. Parade Publications*,
  15 N.Y.3d 285 (2010)......................................................................................3, 4, 5, 8

*Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*,
  470 F. Supp. 2d 345 (S.D.N.Y. 2007) .......................................................................6

*McDowell v. N. Shore-Long Isl. Jewish Health Sys, Inc.*,
  839 F. Supp. 2d 562 (E.D.N.Y. 2012) .......................................................................4

*Robles v. Cox & Co.*,
  841 F. Supp. 2d 615 (E.D.N.Y. 2012) ....................................................................6, 7

*Salvatore v. KLM Royal Dutch Airlines*,
  1999 WL 796172 (S.D.N.Y. Sept. 30, 1999) ............................................................5

*Williams v. New York City Hous. Auth.*,
  61 A.D.3d 62 (N.Y. App. Div. 2009) ........................................................................9

### STATUTES AND RULES

N.Y. City Admin. Code § 8-107................................................................................3, 9

Fed. R. Civ. P. 12(b)(6) ..........................................................................................1, 3, 4

### OTHER AUTHORITIES

Craig Gurian, *A Return to Eyes on the Prize: Litigating under the Restored New York City Human Rights Law*, 33 Fordham Urb. L.J. 255 (2006).................................9-10

## PRELIMINARY STATEMENT

Plaintiff Karen Anderson ("Plaintiff" or "Ms. Anderson") respectfully submits this Memorandum of Law in opposition to the Motion to Dismiss the Complaint pursuant to Federal Rule 12(b)(6) for failure to state a claim brought by Defendants HotelsAB, LLC and Andre Balazs Properties, a/k/a the Beach House LLC (collectively, "Defendants" or the "Company").

Contrary to Defendants' contention, the job offer which Defendants unlawfully withheld because of the disability of Ms. Anderson's son not only involved a reporting relationship with Defendants' New York City office, but also required Ms. Anderson to work in New York City for seven months out of the year. As such, the decision to unlawfully deny the position to Ms. Anderson had an impact in New York City, and her claim is accordingly cognizable under the New York City Human Rights Law. Defendants' motion to dismiss should therefore be denied in its entirety.

## STATEMENT OF FACTS

Plaintiff respectfully refers the Court to the Complaint for a complete statement of facts. For the Court's convenience, however, Plaintiff briefly recites the salient facts below.

After several telephone interviews, Ms. Anderson interviewed in person for a Controller position at the Company on August 11, 2014 at the Company's Sunset Beach Hotel property on Shelter Island. (Compl. ¶ 18.) The Controller position was to be based out of the Company's Manhattan corporate office for the months

1

of October to April and would have required Plaintiff to work and live at the Sunset Beach Hotel from May to September of each year. (Compl. ¶ 15.)

During the course of that interview, the executives interviewing Plaintiff said that they wanted her to meet that day with Defendant Balazs, the owner and operator of the Company, as a final step in the application process. (Compl. ¶ 19.) Defendant Balazs ultimately joined them and, after several pointed and personal questions, asked Plaintiff what her ideal job would be. When Plaintiff said that she would ideally like to run a nursing home, Balazs responded, in sum and substance, "*Do you know how schizophrenic you sound? Did you hear yourself?*" (Compl. ¶¶ 21-23.) Plaintiff then explained that she was interested in opening a nursing home because she has a disabled son who lives independently in the state of Maine with continuous nursing care. (Compl. ¶ 23.)

Defendant Balazs abruptly ended the interview in response to Ms. Anderson's disclosure of her son's disability. (Compl. ¶ 24.) He called Ms. Anderson "*crazy*" and stated that she could never work for him given the fact that she had a disabled son, as she would be unable to devote adequate time to her professional responsibilities. Defendant Balazs stated, in sum and substance, "*I don't care if you can give me 75 percent of 150 percent* [of your time and energy]. *I need 100 percent of 100 percent and you will never be able to give me that*." (Compl. ¶ 24.) Plaintiff attempted to explain that caring for her son had never interfered with her work, as demonstrated by her extensive qualifications and long

2

employment history. Defendant Balazs, however, stated that he was no longer interested in Ms. Anderson as a candidate. (Compl. ¶ 25.)

Plaintiff accordingly filed her Complaint on January 30, 2015 (ECF # 1), alleging that Defendants' decision not to hire her was based on her son's disability, in violation of the association provision of the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-107(1) & (20).[1] Defendants now move to dismiss that Complaint pursuant to Federal Rule 12(b)(6).

## ARGUMENT

Defendants' motion to dismiss for failure to state a claim is based entirely on the contention that the NYCHRL does not apply to Plaintiff because Defendants' decision not to hire her was made in Suffolk County and because, had she been hired, she would have been employed in Suffolk County for part of the year. However, this argument misrepresents the "direct impact requirement" the Court of Appeals adopted to define the territorial reach of the NYCHRL. *See Hoffman v. Parade Publications*, 15 N.Y.3d 285 (2010). Plaintiff's prospective employment would have involved working in New York City seven months out of the year. As such, the impact of Defendants' discriminatory failure to hire was felt in New York, and Plaintiffs' claim is therefore cognizable under the NYCHRL. Accordingly, Defendants' motion should be denied in its entirety.

---

[1] Plaintiff has also filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging a violation of the Americans with Disabilities Act based on the same set of facts. Plaintiff intends to seek leave to amend her Complaint to add that cause of action upon receipt of a notice of right to sue from the EEOC.

3

## I. STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Even without detailed allegations, a claim will be found facially plausible so long as "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Conclusory allegations are not sufficient. *Id.* at 679. To "survive a Rule 12(b)(6) motion, [a] complaint must give fair notice of [plaintiff's] claims, and those claims must be facially plausible." *McDowell v. N. Shore-Long Isl. Jewish Health Sys, Inc.*, 839 F. Supp. 2d 562, 565 (E.D.N.Y. 2012) (citations omitted).

## II. THE LOCUS OF THE EMPLOYMENT DECISION IS IMMATERIAL TO THE APPLICATION OF THE NYCHRL

The Court of Appeals, in analyzing claims of discrimination arising under the NYCHRL, has held squarely that "the impact requirement is appropriate where a nonresident plaintiff invokes the protection of the City Human Rights Law." *Hoffman*, 15 N.Y.3d at 290. According to this test, a plaintiff bringing a NYCHRL discrimination claim must demonstrate that the impact of the discriminatory act was felt in New York City. *Id.* As the *Hoffman* Court noted, the adoption of the impact requirement was motivated by a concern that "merely focusing the inquiry on where the termination decision is made—as opposed to where the impact of

4

that decision is felt—results in the expansion of the NYCHRL to cover any plaintiff who is terminated pursuant to a decision made by an employer from its New York City headquarters regardless of where the plaintiff works." *Id.* The *Hoffman* Court also acknowledged the limitations of its holding, stating, "the application of the impact requirement does not exclude all nonresidents from [the NYCHRL's] protection; rather, it expands those protections to nonresidents who work in the city, while concomitantly narrowing the class of nonresident plaintiffs who may invoke its protection." *Id.*

In the first place, Defendants suggest that Plaintiff here has failed to state a claim under the NYCHRL because the "initial discriminatory act" not to hire her was made in Suffolk County, and so the impact must therefore have likewise been felt outside of New York City. (Mem. Supp. Defs.' Mot. to Dismiss 4.) This argument, however, turns the impact analysis on its head. If the central holding of *Hoffman* means anything, it is that the territorial reach of the NYCHRL is dependent not on the locus of the discriminatory decision, but rather on the jurisdiction in which the impact of that discrimination is felt—that is, the location of the plaintiff's employment. *See, e.g.*, *Salvatore v. KLM Royal Dutch Airlines*, No. 98 CIV. 2450 (LAP), 1999 WL 796172, at *17 (S.D.N.Y. Sept. 30, 1999) (finding harassing remarks made at a company outing in New York City and at the home of an employee in the city were felt at plaintiff's workplace in Westchester County, precluding a NYCHRL claim); *see also Germano v. Cornell Univ.*, No. 03 CIV. 9766 (DAB), 2005 WL 2030355, at *5 (S.D.N.Y. Aug. 17, 2005)

5

(dismissing a NYCHRL claim based on discriminatory remarks that occurred during a dinner in New York City because "[p]laintiff still only felt the impact of that discrimination in his place of occupation, Long Island, not New York City").

In fact, as discussed below, Plaintiff would have been a New York City employee had she been hired. That the actual discriminatory act occurred in Suffolk County is therefore immaterial. *See Robles v. Cox & Co.*, 841 F. Supp. 2d 615 (E.D.N.Y. 2012) ("[W]here the alleged discriminatory act takes place outside of New York City, the relevant location of the injury for purposes of the impact analysis is not the Plaintiff's residence, but the Plaintiff's place of employment."). As this Court noted in sustaining a NYCHRL claim premised on discriminatory conduct that originated outside New York, "[plaintiff's] place of employment was in New York City . . . and the alleged discrimination had its effects there." *Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*, 470 F. Supp. 2d 345, 362 (S.D.N.Y. 2007). Or, in the slightly different context of fraudulent joinder, as another court in this District explained when applying the impact requirement to a plaintiff who worked part-time in New York City: "*Hoffman* constructs a balancing test that aims to 'confine[ ] the protections of the NYCHRL to those who are meant to be protected—those who work in the city.' . . . . Plaintiff worked and the impact of Defendants' alleged conduct may have been felt in New York. That is enough." *Chin v. CH2M Hill Co.*, No. 12 CIV. 4010 (HB), 2012 WL 4473293, at *4 (S.D.N.Y. Sept. 28, 2012) (quoting *Hoffman*, 933 N.E. 2d at 747).

### III.     PLAINTIFF INTERVIEWED FOR A POSITION AS A NEW YORK EMPLOYEE

Defendants further argue, relying primarily on *Robles*, that the "original impact" of the decision not to hire Plaintiff must have been felt outside of New York City because, had Ms. Anderson been hired, her employment would have begun in Suffolk County, where her interview was conducted, and because any assumption that she would have ultimately worked in Manhattan is "entirely speculative." (Mem. Supp. Defs.' Mot. to Dismiss 5 n.3.)

However, Defendants' reliance on *Robles* is misplaced. Although the plaintiff in that case began his employment in New York City, his employer had moved their offices to Long Island three months prior to his termination. *Id.* at 621. Because the only act that the plaintiff specifically alleged to have been discriminatory—the termination—occurred in Long Island subsequent to that move, the *Robles* Court therefore held that the impact of the decision was felt outside the city, regardless of the fact that Plaintiff resided in the city at the time and had worked there in the past. *Id.* at 624. The Court determined that this lack of connection with New York City was fatal to plaintiff's NYCHRL claim. *Id.* at 625.

Ms. Anderson here is in a fundamentally different position. She has alleged—and Defendants do not contest for the purposes of this motion—that her position would have entailed working from Defendants' Manhattan office for over half the year, beginning in October (less than two months after her interview).

7

This shift in the physical location of Plaintiff's workplace is not speculative, but would have been an automatic and anticipated aspect of her employment. Unlike the *Robles* plaintiff, whose employment in the city had come to a conclusive end *prior* to the time of the allegedly discriminatory act, the position at issue was for future—and, should Plaintiff not be fired in her first approximately six weeks, certain—employment in Manhattan. Ms. Anderson's claim, therefore, is distinct not only from those of employees with only isolated or tangential contacts with the city, but also from claims of the type asserted by the *Robles* plaintiff, whose only employment connection with the forum was definitively in the past.

      Defendants argue that this automatic and anticipated aspect of Plaintiff's prospective employment should not be taken into consideration, because, in light of the at-will nature of the position, "[i]t is entirely speculative that, had Plaintiff been hired in August 2014, she would have still been employed in New York City in October 2014." (Mem. Supp. Defs.' Mot. to Dismiss 5 n.3.) This argument, however, if pushed to its logical limit, would undermine *any* cause of action alleging a discriminatory failure to hire, as all failure-to-hire cases involve a similar degree of speculation. An offer can, for instance, be rescinded for legitimate reasons at any stage prior to a candidate's start date. A company can likewise modify an offer for employment at its New York office to send a prospective employee anywhere in the world. The application of the NYCHRL in a failure-to-hire case should not be dependent upon such hypothetical scenarios. It must instead focus on the actual position as it was described to the applicant.

8

The position described to Ms. Anderson was that of a New York City employee. The Complaint alleges that Ms. Anderson would have been required to report to work in Manhattan less than two months after her hire date and that, as a matter of course, she would have worked in the city for approximately seven months each year. Presumably, the individual ultimately hired by Defendants as a Controller instead of Plaintiff has done precisely that. In short, Ms. Anderson would have spent the majority of her employment in New York City had she been hired, and the impact of Defendants' failure to hire her was therefore felt in New York.

Any ambiguity on this score is conclusively resolved by the liberal construction provision written intentionally into the text of the Human Rights Law: "The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed." N.Y. City Admin Code § 8-130; *see also Williams v. New York City Hous. Auth.*, 61 A.D.3d 62, 68-69 (N.Y. App. Div. 2009) (quoting Craig Gurian, *A Return to Eyes on the Prize: Litigating under the Restored New York City Human Rights Law*, 33 Fordham Urb. L.J. 255, 288 (2006)) ("The text and legislative history represent a desire that the [NYCHRL] 'meld the broadest vision of social justice with the strongest law enforcement deterrent.' Whether or not that desire is

9

wise as a matter of legislative policy, our judicial function is to give force to legislative decisions.).

Ms. Anderson is accordingly entitled to invoke the protection of the NYCHRL based on her prospective employment. Defendants' motion should therefore be denied in its entirety.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Dismiss in its entirety and such other and further relief as this Court may deem just and proper.

Dated: March 27, 2015
      New York, New York

Respectfully Submitted,

THE OTTINGER FIRM, P.C.

By: _____
George D. Vallas, Esq.
Robert W. Ottinger, Esq.
401 Park Avenue South
New York, NY 10036

*Counsel for Plaintiff*