UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

KAREN ANDERSON,

        Plaintiff,

 -v-                                                                               No. 15CV712-LTS-JLC

HOTELSAB, LLC, ANDRE BALAZS
PROPERTIES a/k/a THE BEACH HOUSE LLC,
and ANDRE BALAZS,

        Defendants.
-------------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

        Plaintiff Karen Anderson ("Plaintiff") brings this action against Defendants HotelsAB, LLC, Andre Balazs Properties a/k/a The Beach House LLC (collectively referred to in the Complaint as the "Company"), and Andre Balazs, ("Balazs" and, collectively, "Defendants")[1], alleging that Defendants engaged in discriminatory employment practices in violation of the New York City Human Rights Law ("NYCHRL"), codified at N.Y.C. Admin. Code §§ 8-101 et seq. Plaintiff asserts, and Defendants do not dispute, that the Court has jurisdiction of this action pursuant to 28 U.S.C. §1332(a).[2]

        Defendants move, pursuant to Federal Rule of Civil Procedure 12(b)(6), to

---

[1]   Defendant Andre Balazs has not yet been served with the Summons and Complaint in this action, and therefore is not a party to this motion.

[2]   See Complaint ("Compl.") ¶ 3. Plaintiff has not alleged what type of business entity Defendant Andre Balazs Properties is, has not identified the citizenship of that entity or of the members of the LLC, and has simply alleged that she resides in Connecticut and that Defendants have their "corporate headquarters and principal place of business" in New York.

dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted.  For the reasons stated below, Defendants' motion is denied.

### BACKGROUND[3]

Defendant HotelsAB is a luxury hotel operator that maintains its corporate headquarters in New York City.  (Compl. ¶ 9.)  Defendant Andre Balazs Properties a/k/a The Beach House LLC is a New York luxury hotel operator that maintains its corporate headquarters in New York City.  (Id. ¶ 10.)  Defendant Andre Balazs is the owner and operator of HotelsAB, LLC and Andre Balazs Properties.  (Id. ¶ 11.)  Plaintiff appears to assert that Defendants HotelsAB and Andre Balazs Properties jointly own and operate the Sunset Beach Hotel, which is located in Shelter Island, Long Island.  (See id. ¶¶ 9, 10.)  At all relevant times, Defendants have operated as a single, integrated enterprise, a single employer, or as joint employers.  (Id. ¶ 12.)  Defendants share common ownership, premises, directors and officers and financial control, and are operationally interrelated and interdependent upon one another.  (Id. ¶ 13.)  Defendants also share common management and control over labor relations and personnel policies and practices.  (Id.)

In or about July 2014, Plaintiff applied for a position as a controller with the defendant Company.  (See id. ¶¶ 8, 14.)  The position would have required Plaintiff to work at the Sunset Beach Hotel on Shelter Island from May through September (five months), and at the Company's corporate office in Manhattan from October through April (seven months), each

---

[3]    The facts recited herein are drawn from the Complaint filed in this action and, for the purposes of the instant motion practice, are assumed to be true.  (See Docket Entry No. 1.)

year.  (Compl. ¶ 15.)  On July 25, 2014, Plaintiff was contacted by a recruiter with respect to the controller position.  (Id. ¶ 14.)  Plaintiff interviewed over the telephone with the recruiter and several officers of the Company.  (Id. ¶ 16.)  On August 11, 2014, Plaintiff interviewed in person with the Los Angeles and London-based CFOs of the Company.  (Id. ¶ 18.)  They requested that she meet with Defendant Balazs that day as the final step of the interview.[4]  (Id. ¶19.)

Plaintiff alleges that Defendant Balazs initiated her interview by stating, "you are a crazy person," and thereafter proceeded to ask her several personal questions.  (Id. ¶ 20.)  When Defendant Balazs asked Plaintiff what her ideal job would be, Plaintiff stated that she would like to run a restaurant or nursing home.  (Id. ¶ 22.)  Defendant Balazs allegedly responded by asking, "do you know how schizophrenic you sound?  Did you hear yourself?"  (Id.)  Plaintiff then explained that she would like to open a nursing home because she had a disabled son who lived independently in Maine and received nursing care.  (Id. ¶¶ 22-23.)  At that point, Defendant Balazs ended the interview and stated that Plaintiff could never work for him because her disabled son would prevent her from being able to devote adequate time to her work.  (Id. ¶ 24.)  Plaintiff attempted to explain that caring for her son had never interfered with her work performance, but Defendant Balazs stated that he was no longer interested in her candidacy for the position.  (Id. ¶ 25.)  After the interview, Plaintiff sent two emails to one of the CFOs with whom she had interviewed, reiterating that her son's care would not interfere with her professional responsibilities should she be offered the position.  (Id. ¶¶ 26-27.)  Defendants never contacted Plaintiff following the interview to inform Plaintiff that she would not be hired.  (Id. ¶ 28.)

---

[4]   In her Opposition to Defendants' Motion To Dismiss ("Pl. Memo"), Plaintiff states that she interviewed in person for the controller position at the Company's Sunset Beach Hotel property on Shelter Island.  (Pl. Memo at p. 1.)

On January 30, 2015, Plaintiff filed this suit,[5] alleging that Defendants discriminated against her in violation of the NYCHRL by refusing to hire her because of her relationship with her disabled son.[6]  (Compl. ¶ 35.)

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Although the Court must accept all of the factual allegations contained in the complaint as true, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  In order to survive a motion to dismiss, the complaint must state a plausible claim for relief.  Id. at 679.  "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.

---

[5]   Plaintiff has also filed a Charge of Discrimination with the Equal Employment Opportunity Commission, alleging violations of the Americans with Disabilities Act.  Plaintiff intends to seek leave to amend her Complaint to add an ADA cause of action upon receipt of a right-to-sue letter from the EEOC.  (Compl. ¶ 5-6.)

[6]   N.Y.C. Admin. Code § 8-107(20) states that "[t]he provisions of this section set forth as unlawful discriminatory practices shall be construed to prohibit such discrimination against a person because of the actual or perceived race, creed, color, national origin, disability, age, sexual orientation or alienage or citizenship status of a person <u>with whom such person has a known relationship or association</u>" (emphasis supplied).

To state a claim under the NYCHRL, "a plaintiff must allege that he was discriminated against by the defendant within New York City." Salvatore v. KLM Royal Dutch Airlines, No. 98CV2450-LAP, 1999 WL 796172, at *16 (S.D.N.Y. Sept. 30, 1999). Courts have consistently held that the plaintiff must "plead and prove that the alleged discriminatory conduct had an impact in New York." See Hoffman v. Parade Publications, 15 N.Y.3d 285, 291 (2010). To determine where the alleged discriminatory conduct occurred, "courts have looked to the location of the impact of the offensive conduct." Salvatore, 1999 WL 796172, at *16; see also Regan v. Benchmark Co. LLC, No. 11CV4511-CM, 2012 WL 692056, at *13-14 (S.D.N.Y. Mar. 1, 2012) (finding that defendants' discriminatory conduct had an impact in New York City because all aspects of plaintiff's employment connected her to the company's New York City office, even after she was transferred to an office outside the city). Furthermore, "it is the site of impact, not the place of origination, that determines where discriminatory acts occur." Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC, 470 F. Supp. 2d 345, 362 (S.D.N.Y. 2007).

Where the discriminatory conduct occurs outside the geographical bounds of New York City, courts have found that the impact requirement is satisfied if the plaintiff alleges that the conduct has affected the terms and conditions of plaintiff's employment within the city. See, e.g., Regan, 2012 WL 692056, at *13-14; Chin v. CH2M Hill Companies, Ltd., No. 12CV4010-HB, 2012 WL 4473293, at *3 (S.D.N.Y. Sept. 28, 2012) (finding that defendants "failed to show that there is no possibility that there was an impact in New York," since the impact of defendants' alleged conduct may have been felt in New York City); Int'l Healthcare Exch., 470 F. Supp. 2d at 362-63 (at summary judgment stage, finding that defendants' alleged retaliatory termination, which occurred during a business trip in Paris, affected plaintiff's employment in

New York City, and therefore could form the basis of an NYCHRL cause of action).

Defendants move to dismiss Plaintiff's claim on the basis that Plaintiff has failed to show that any alleged discriminatory conduct had an impact within New York City, arguing that Plaintiff allegedly faced discrimination only on Shelter Island, where she was interviewed and where Defendant Balazs allegedly made the discriminatory statements and hiring decision. Defendants rely on the two-prong test discussed in Robles v. Cox & Co., 841 F. Supp. 2d 615 (E.D.N.Y. 2012) in support of their argument. In Robles, the Court stated that the "'impact' of discriminatory conduct occurs 'within' New York City for purposes of the NYCHRL 'either when the initial discriminatory act (for example, a termination) occurs in New York [City] or when the original experience of injury, which occurs at the employee's workplace, is in New York [City].'" Robles, 841 F. Supp. 2d at 624 (E.D.N.Y. 2012) (quoting Rylott-Rooney v. Alitalia Linee Aeree Italiane Societa Per Azioni, 549 F. Supp. 2d 549, 554 (S.D.N.Y. 2008)). Defendants argue that both the alleged "initial discriminatory act" and "original experience of injury" occurred in Suffolk County, where Shelter Island is located, and not New York City, thus foreclosing Plaintiff's NYCHRL action. (Memorandum of Law in Support of Defendants' Motion to Dismiss ("Def. Memo") at p. 4.)

Defendants misconstrue Robles in applying it to the instant case. The Robles court cited the two-prong test for the purpose of establishing that a plaintiff's residence is irrelevant to establishing territorial jurisdiction under the NYCHRL; the court did not elaborate on application of that test and did not otherwise limit the "impact" of an allegedly discriminatory act to such a narrow set of circumstances. Defendants' strictly literal reading of Robles, as well as Defendants' argument that the impact of an allegedly discriminatory failure-to-hire occurs

only at the time of the act,[7] would narrow the impact analysis of a NYCHRL violation to consideration solely of the physical locations where the plaintiff experienced "the initial discriminatory act" and "the original experience of the injury," as opposed to a practical substantive consideration of how and where the injury actually affected the plaintiff with respect to her employment.  See, e.g., Regan, 2012 WL 692056, at *14.

Because courts have consistently emphasized that the location of the impact of the offensive conduct is the location where the plaintiff feels the impact of a violation of the NYCHRL on his or her employment, a similar analysis must be applied to Plaintiff's failure to hire claim, premised on the factual allegations that she has presented.  Although the alleged discriminatory conduct here (Defendant Balazs' decision not to hire Plaintiff) occurred outside the geographical bounds of New York City, Plaintiff's Complaint sufficiently alleges that Defendants' conduct had an impact with respect to her prospective employment responsibilities in New York City.  Plaintiff has alleged that she would have worked in New York for a period of seven months and that the requirements of the controller position would have required her to do so each year.  (Compl. ¶ 15.)  Reading this allegation together with allegations regarding the corporate headquarters of the Company (id. ¶¶ 9-10), the Court can reasonably infer that Plaintiff's employment responsibilities would have brought her within the boundaries of New York City.

Defendants argue that, because the job for which Plaintiff was rejected would not

---

[7]   Defendants cite Mingguo Cho v. City of New York, No. 11CV1658-PAC- MHD, 2012 WL 4364492 (S.D.N.Y. Sept. 25, 2012), in support of this contention. However, Mingguo Cho dealt with a procedural requirement under the statute of limitations for filing an ADEA claim with the EEOC.  Defendants' reliance on this case as controlling authority with respect to the impact analysis in Plaintiff's failure-to-hire claim pursuant to the NYCHRL is therefore unpersuasive.

have required her to shift the locus of her employment to New York City until several months after she commenced work on Long Island, Plaintiff's claim of an impact in New York City is overly speculative.  While it is true that Plaintiff could have resigned or been fired before the time set for transition to New York City, Defendants' argument would cabin unduly the remedial purposes of the NYCHRL, which was amended in 2005 to broaden its protections "because the provisions of the City HRL had been 'construed too narrowly to ensure protection of the civil rights of all persons covered by the law.'"  Williams v. New York City Hous. Auth., 61 A.D.3d 62, 66 (1st Dep't 2009) (quoting Local Law No. 85 [2005] of City of New York §1).  See also St. Jean v. United Parcel Serv. Gen. Serv. Co., 509 F. App'x 90, 90-91 (2d Cir. 2013) (summary order) ("'[I]t is beyond dispute that the City HRL now explicitly requires an independent liberal construction analysis in all circumstances, an analysis that must be targeted to understanding and fulfilling what the statute characterizes as the City HRL's uniquely broad and remedial purposes, which go beyond those of counterpart state or federal civil rights laws.'") (quoting Bennett v. Health Mgmt. Sys., Inc., 92 A.D.3d 29, 34 (1st Dep't 2011)).  Defendants' interpretation of the NYCHRL would deny protection against hiring discrimination to anyone who did not actually cross the employer's threshold in New York.  Such a reading is inconsistent with the letter and spirit of the law, and the Court rejects it.  According to the Complaint, Plaintiff interviewed for, and was denied, a position that included duties in a New York City workplace.  Her rejection from the position denied her the opportunity to work in New York City, thus providing the necessary New York City workplace nexus for her claim of a NYCHRL-covered injury.  The Court thus finds Plaintiff's allegations sufficient to satisfy the impact requirement of the NYCHRL and that she has successfully stated a claim under the statute.

<u>CONCLUSION</u>

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint is denied.

This Memorandum Opinion and Order resolves Docket Entry No. 6. The initial pretrial conference in this matter is scheduled for **Friday, October 30, 2015, at 10:15 a.m.**

SO ORDERED.

Dated: New York, New York
       August 24, 2015

 /s/  Laura Taylor Swain  
LAURA TAYLOR SWAIN
United States District Judge